IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: CUMMINGS MANOOKIAN, PLLC, )<br>  )<br>  Debtor )<br>  )<br>BRIAN MANOOKIAN, )<br>  )<br>  Appellant )<br>  )<br>v. )<br>  )<br>JEANNE ANN BURTON, TRUSTEE, )<br>  )<br>  Appellee. ) | Case No: 3:24-cv-00209<br>Judge Trauger |

## MOTION TO DISMISS UNTIMELY APPEAL

Comes now Jeanne Ann Burton, Trustee and Appellee in this matter (the "Trustee"), pursuant to Federal Rules of Bankruptcy Procedure 8002 and 8013 and Local Rule 7.1, by and through undersigned counsel, and hereby moves this Court to dismiss the appeal in the above-captioned case as untimely filed. Because Appellant filed his notice of appeal late, the District Court lacks jurisdiction to consider the merits of this appeal.

### Introduction

Pursuant to 28 U.S.C. § 158, this Court has jurisdiction to consider an appeal from the Bankruptcy Court only if the appeal is taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Fed. R. Bankr. P. 8002(a) provides that a notice of appeal must be filed within 14 days of the date of entry of the order(s) appealed. Appellant Brian Manookian ("Appellant") filed his notice of appeal fifteen (15) days after the two relevant orders were entered

by the Bankruptcy Court, and one day after the deadline to file a notice of appeal had expired. Because his notice of appeal was untimely, this appeal must be dismissed for lack of jurisdiction.

## Statement of Relevant Facts

As this Court knows from the prior appeals, this case has a rather long and complicated history. However, the Bankruptcy Court succinctly summarized the facts relevant to this appeal in its Order Finding Brian Manookian Lacks Standing to Object to the Trustee's Motion for Compromise and Settlement (Bankr. Doc. 205),[1] which the Trustee hereby incorporates by reference.

This matter began when Cummings Manookian, PLC[2] (the "Debtor") filed a voluntary petition for Chapter 7 relief on November 6, 2019. (Bankr. Doc. 1). The petition was signed by the Debtor's Chief Manager, Brian Manookian, the Appellant herein. (Id). The largest claim against the estate at the time of the filing of the petition was a sanctions judgment issued by the Circuit Court for Williamson County, Tennessee (the "State Court") against Debtor, among others, in favor of Dean Chase, Sandra Chase, and D.F. Chase, Inc. (the "Chase Parties"). (*See* Bankr. Claim No. 5). The Chase Parties filed a secured claim against the bankruptcy estate in the amount of $806,927.04 (the "Chase Claim") on account of the sanctions judgment issued by the State Court. (Id).

On February 4, 2021 (after the petition date and after the Chase Parties had filed the Chase Claim), the Tennessee Court of Appeals vacated the sanctions judgment, remanded the case, and ordered that a new judge be appointed to oversee the sanctions proceedings. (*See* Bankr. Doc.

---

[1] "Bankr. Doc." refers to the docket for Bankruptcy Case No. 3:19-bk-07235, *In re Cummings Manookian, PLLC*.
[2] The Bankruptcy Petition incorrectly identifies the Debtor as "Cummings Manookian, PLLC", thus the caption of the bankruptcy case.

112, Exhibit 1). Subsequently, on July 6, 2021, the Trustee filed a motion in which she proposed to allow the Chase Claim as a general unsecured claim in the amount of $250,000, rather than face renewed litigation concerning the sanctions judgment and to avoid the possibility of an increase of the sanctions judgment. (Bankr. Doc. 108).

Two objections were filed to the Trustee's proposed settlement: one by creditor Grant, Konvalinka & Harrison, P.C. (Bankr. Doc. 111) and one the Appellant (Bankr. Doc. 112 and 123). The Trustee responded to both objections. (Bankr. Doc. 124 and 125). The Trustee also filed a motion to strike the Appellant's objections and to preclude his participation at the hearing on the settlement motion due to his lack of standing. (Bankr. Doc. 136). The Bankruptcy Court conducted a hearing on the settlement, the objections thereto, and the Appellant's standing on September 29, 2021. (*See* Bankr. Doc. 157). The Bankruptcy Court first found that the Appellant lacked standing, and then granted the Trustee's settlement motion over the objection of Grant, Konvalinka & Harrison, P.C. (Bankr. Doc. 147 and 157).

The order finding that Appellant lacked standing was entered by the Bankruptcy Court on October 1, 2021, and appealed by the Appellant on October 14, 2021. (Bankr. Doc. 147 and 149). On appeal, this Court determined that the Bankruptcy Court should have applied a different standard in determining whether the Appellant lacked standing; therefore, this Court reversed and remanded the standing issue back to the Bankruptcy Court to conduct further proceedings as necessary. *See* Case No. 3:21-cv-00797.

Upon remand, the Bankruptcy Court determined that the record was sufficient for it to determine the issue of standing, "applying the correct legal standard to the facts already on the record." (Bankr. Doc. 205, p. 5). The Bankruptcy Court found that there was no "reasonable possibility" of a surplus in this bankruptcy case and thus found that the Appellant lacked standing.

(Bankr. Doc. 205). Accordingly, the Bankruptcy Court also overruled the Appellant's objection to the Trustee's settlement. (Bankr. Doc. 206).

Significantly, the Bankruptcy Court entered its Order Finding Brian Manookian Lacks Standing to Object to the Trustee's Motion for Compromise and Settlement (Bankr. Doc. 205) and its Order Granting Trustee's Motion to Approve Compromise and Settlement (Bankr. Doc. 206) on February 8, 2024. The Appellant filed his Notice of Appeal and Statement of Election (Bankr. Doc. 213) fifteen (15) days later, on February 23, 2024.

### Argument with Incorporated Memorandum of Law

This appeal should be dismissed because the Appellant's notice of appeal was filed late. The United States Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell,* 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 61 (1982)); *see also, Hamer v. Neighborhood Housing Servs. of Chicago,* 583, U.S. 17, 19 (2017). Accordingly, "when an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'" *Id.* at 213 (quoting *United States v. Curry,* 6 How. 106, 113 (1848)). *See also, Howard v. Ozmint,* 446 Fed. Appx. 647, 2011 WL 4351517 (4th Cir. 2011) ("The appeal period in a civil case is mandatory and jurisdictional.") (quotations omitted).

Congress established the time to appeal a bankruptcy court order in 28 U.S.C. § 158(c)(2), which requires that such an appeal be filed "in the time provided by Rule 8002 of the Bankruptcy Rules." Fed. R. Bankr. P. 8002(a) requires that a notice of appeal be filed within fourteen (14) days of the entry of the order being appealed. Every circuit to have reviewed this issue agrees that the requirement that a notice of appeal be timely filed is jurisdictional; the failure to timely file an

appeal bars further appellate review. *See In re Abdallah,* 778 F.2d 75, 77 (1st Cir. 1985); *In re Siemon,* 421 F.3d 167, 169 (2d Cir. 2005); *In re Caterbone,* 640 F.3d 108, 112-14 (3d Cir. 2011); *Ballard v. Tamojira, Inc.,* 1997 WL 33062, *1 (4th Cir. 1997); *Stangel v. United States (In re Stangel),* 219 F.3d 498, 500 (5th Cir. 2000); *In re Felix,* 2018 U.S. App. LEXIS 7202, *2 (6th Cir. 2018); *In re Bond,* 254 F.3d 669, 673 (7th Cir. 2001); *Hamilton v. Lake Elmo Bank (In re Delta Eng'g Int'l, Inc.),* 270 F.3d 584, 586 (8th Cir. 2001); *In re Wiersma,* 483 F.3d 933, 938 (9th Cir. 2007); *Emann v. Latture (In re Latture),* 605 F.3d 830, 836-37 (10th Cir. 2010); *Williams v. EMC Mtg. Corp. (In re Williams),* 216 F.3d 1295, 1298 (11th Cir. 2000).

In this case, the notice of appeal was filed fifteen (15) days after the two orders that Appellant seeks to appeal were entered on the Bankruptcy Court's docket. Accordingly, Appellant did not timely perfect his appeal and this Court has no jurisdiction to consider the merits of that appeal.

Despite the two-week appeal window, the Bankruptcy Rules provide a safe harbor of sorts, a process for extending the time for perfecting an appeal in limited circumstances. In addition to timely filing a notice of appeal, Appellant had three other options if he wanted to obtain appellate review of the Bankruptcy Court's February 8, 2024, orders: (1) file one of the four motions specified in Fed. R. Bankr. P. 8002(b) within 14 days of the entry of the orders, which would have stayed the time to file a notice of appeal; (2) file, before the 14-day appeal period expired, a motion to extend the time to file an appeal under Fed. R. Bankr. P. 8002(d)(1); or (3) file, within 21 days after the expiration of the 14-day appeal period, a motion requesting to file a late appeal upon a

showing of excusable neglect,[3] also under Fed. R. Bankr. P. 8002(d)(1).  Appellant took none of these actions and the time for filing any of these extension motions has now passed.

WHEREFORE, for these reasons, the Trustee respectfully requests that this Court enter an order dismissing this appeal for lack of jurisdiction and granting such other and further relief as the Court deems equitable and appropriate under the circumstances.

DATED: March 18, 2024

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 18th day of March, 2024.

/s/ Phillip G. Young, Jr.

---

[3] Even if Appellant had attempted to exercise this third option, it is unlikely that Appellant could have demonstrated the requisite excusable neglect.  Since *Bowles*, courts of appeals have refused to apply the excusable neglect doctrine to disregard a statutory deadline for filing notices of appeal.  *See, e.g., Blue v. Int'l Bd. of Elec. Workers Loc. Union 159,* 676 F.3d 579 (7th Cir. 2012).