IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC,<br><br>    Debtor.<br><br>BRIAN MANOOKIAN,<br><br>    Appellant,<br><br>v.<br><br>JEANNE ANNE BURTON, TRUSTEE,<br><br>    Appellee. | Case No. 3:24-cv-00209<br>Judge Trauger<br><br><br><br>**On Appeal from the United States Bankruptcy Court for the Middle District of Tennessee**<br>**3:19-bk-07235** |

**APPELLANT'S RESPONSE IN OPPOSITION TO APPELLEE JEANNE ANNE BURTON'S MOTION TO DISMISS APPEAL AND RESPONSE IN SUPPORT OF MOTION TO STAY BRIEFING SCHEDULE**

Appellant, through counsel, responds pursuant to Local Rule 7.01(a)(3)[1] in opposition to Trustee Jeanne Anne Burton's ("Appellee") Motion to Dismiss Untimely Appeal and in support of Appellee's Motion to Stay Briefing Schedule.

This Court has previously and summarily denied a similar motion to dismiss an appeal

---

[1] Appellant understands this Rule, as adopted by the United States District Court for the Middle District of Tennessee effective January 24, 2020 (*see* Administrative Order No. 199-2), to modify Bankruptcy Rule 8013(a)(3)(A) to grant parties responding to a motion in this Court 14 days to file a response ("Unless the district court […] orders otherwise…"), provided the motion is not governed by local bankruptcy rules. To the extent the Administrative Order was not intended to modify this rule, Appellant requests the Court exercise its discretion to consider this response in opposition on the merits.

when Appellant inadvertently filed his statement of issues and designation of record one day after the asserted deadline.

In the instant motion, the **sole** argument Appellee advances to support dismissal of Appellant's notice of appeal is that this Court lacks subject matter jurisdiction over the appeal because the notice of appeal was filed one day after the 14-day deadline. Mot. at 1 ("Because Appellant filed his notice of appeal late, the District Court lacks jurisdiction to consider the merits of this appeal."). Appellee unequivocally asserts: "*Every circuit* to have reviewed this issue agrees that the requirement that a notice of appeal be timely filed is *jurisdictional*; the failure to timely file an appeal *bars* further appellate review." Mot. at 4-5 (collecting cases from all circuits, including *In re Felix*, 2018 U.S. App. LEXIS 7202, *2 (6th Cir. 2018)) (emphasis added).

However, Appellee's argument is squarely contradicted by Sixth Circuit precedent. Indeed, Appellee omits any mention of a 2020 Sixth Circuit opinion that squarely considers the issue at length, holding that "Bankruptcy Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal does not create a jurisdictional imperative." *In re Tennial*, 978 F.3d 1022, 1025, 1028 (6th Cir. 2020) (finding that "the 14-day deadline created by Bankruptcy Rule 8002(a)(1) does not create a jurisdictional limit on the federal courts," while holding that the party's appeal should be dismissed because it sought review of an automatic stay in violation of another provision of the rule). Appellee's position is flatly undermined by *In re Tennial*—a case Appellee fails to mention.

The sole Sixth Circuit case cited by Appellee, *In re Felix*, actually calls Appellee's position into doubt. *See In re Felix*, 582 B.R. 915, 920 (B.A.P. 6th Cir. 2018). There, the Bankruptcy Appellate Panel, in an opinion authored by Judge Marion F. Harrison, declined to dismiss an appeal where appellants filed their brief one day late and flouted the Bankruptcy Rules' formatting conventions. "While the Panel has authority to dismiss an appeal for failure to comply with briefing

requirements, the Sixth Circuit favors adjudication on the merits and has cautioned that dismissal 'is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.' " *Id.* ("The Trustee has not asserted that the debtors acted in bad faith, nor has he articulated any prejudice resulting from the debtors' late brief or from its formatting.")

Here, Appellants' late-filed notice occurred after a death in undersigned counsel's family necessitated counsel's attention for the two weeks in February immediately following the Bankruptcy Court's entry of two orders that were completely unexpected in light of the Court's comments at a hearing immediately preceding the orders. Appellee has not articulated any prejudice arising from the one-day delay, nor does she assert that Appellant acted in bad faith in filing the Notice of Appeal one day late. The Court should exercise its discretion to consider the appeal.

Further, Appellant, Appellee, and related parties have recently made plans to engage in mediation of the underlying bankruptcy and adversary proceedings before a mediator of the United States Court of Appeals for the Sixth Circuit. As a result, the Sixth Circuit is expected to pause briefing schedules on related appeals by agreement of the parties. This Court should likewise refrain from ruling on the instant motion and preserve the status quo while the parties engage in settlement discussions. For that reason, Appellant also does not oppose Appellee's Motion to Stay Briefing Schedule.

## **CONCLUSION**

For all of the foregoing reasons, Appellant respectfully requests that the Court deny Appellee's Motion to Dismiss or abstain from ruling on the Motion for at least 45 days while the parties engage in settlement discussions, and grant Appellee's Motion to Stay Briefing Schedule.

3
Case 3:24-cv-00209   Document 9   Filed 04/01/24   Page 3 of 6 PageID #: 2177

Date: April 1, 2024                                          Respectfully submitted,


                                                             */s/ John Spragens*
                                                             John Spragens (TN Bar No. 31445)
                                                             Spragens Law PLC
                                                             311 22nd Ave. N.
                                                             Nashville, TN 37203
                                                             T: (615) 983-8900
                                                             F: (615) 682-8533
                                                             john@spragenslaw.com

                                                             *Attorney for Appellant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Response in Opposition to Motion to Dismiss was filed April 1, 2024 and served electronically upon the following parties using the Court's electronic filing system:

Craig V. Gabbert , Jr.
Glenn B. Rose
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
615-742-6277
Fax: 615-742-0465
Email: cgabbert@bassberry.com
Email: grose@bassberry.com

*Attorneys for Afsoon Hagh*

Jay Robert Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street
Suite 410
Nashville, TN 37219
(615) 256-8300
Fax: (615) 255-4516
Email: jlefkovitz@lefkovitz.com

*Attorneys for Cummings Manookian*

Phillip G. Young , Jr.
Thompson Burton PLLC
1801 West End Avenue
Suite 1550
Nashville, TN 37203
(615) 465-6008
Fax: (615) 807-3048
Email: phillip@thompsonburton.com

*Attorney for Appellee Jeanne Burton*

John P. Konvalinka
Grant, Konvalinka & Harrison, P.C.

5

900 Republic Center
633 Chestnut Street
Chattanooga, TN 37450-0900
(423) 756-8400
Fax: (423) 756-6518
Email: jkonvalinka@gkhpc.com

*Attorney for Creditor Grant, Konvalinka & Harrison, P.C.*

Daniel H. Puryear
Puryear Law Group
104 Woodmont Boulevard
Suite 201
Nashville, TN 37205
(615) 630-6601
Email: dpuryear@puryearlawgroup.com

*Attorney for Creditor D.F. Chase, Inc.*

                                                  */s/ John Spragens*