IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC,<br><br>    Debtor.<br><br>BRIAN MANOOKIAN,<br><br>    Appellant,<br><br>v.<br><br>JEANNE ANNE BURTON, TRUSTEE,<br><br>    Appellee. | Case No. 3:24-cv-00209<br>Judge Trauger<br><br><br><br>**On Appeal from the United States Bankruptcy Court for the Middle District of Tennessee**<br>**3:19-bk-07235** |

## APPELLANT'S RESPONSE IN OPPOSITION TO APPELLEE JEANNE ANNE BURTON'S MOTION TO DISMISS APPEAL

Appellant, through counsel, responds pursuant to Local Rule 7.01(a)(3) in opposition to Trustee Jeanne Anne Burton's ("Appellee") Motion to Dismiss Untimely Appeal.

This Court has previously and summarily denied a similar motion to dismiss an appeal when Appellant inadvertently filed his statement of issues and designation of record one day after the asserted deadline.

In the instant motion, the *sole* argument Appellee advances to support dismissal of Appellant's notice of appeal is that this Court lacks subject matter jurisdiction over the appeal because the notice of appeal was filed one day after the 14-day deadline. Mot. at 1 ("Because

1

Appellant filed his notice of appeal late, the District Court lacks jurisdiction to consider the merits of this appeal."). Appellee unequivocally asserts: "*Every circuit* to have reviewed this issue agrees that the requirement that a notice of appeal be timely filed is *jurisdictional*; the failure to timely file an appeal *bars* further appellate review." Mot. at 4-5 (collecting cases from all circuits, including *In re Felix*, 2018 U.S. App. LEXIS 7202, *2 (6th Cir. 2018)) (emphasis added).

However, Appellee's argument is squarely contradicted by Sixth Circuit precedent. Indeed, Appellee omits any mention of a 2020 Sixth Circuit opinion that squarely considers the issue at length, holding that "Bankruptcy Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal does not create a jurisdictional imperative." *In re Tennial*, 978 F.3d 1022, 1025, 1028 (6th Cir. 2020) (Sutton, J.) (finding that "the 14-day deadline created by Bankruptcy Rule 8002(a)(1) does not create a jurisdictional limit on the federal courts," while holding that the party's appeal should be dismissed because it sought review of an automatic stay in violation of another provision of the rule). Appellee's position is flatly undermined by *In re Tennial*—a case Appellee fails to mention.

The sole Sixth Circuit case cited by Appellee, *In re Felix*, actually calls Appellee's position into doubt. *See In re Felix*, 582 B.R. 915, 920 (B.A.P. 6th Cir. 2018). There, the Bankruptcy Appellate Panel, in an opinion authored by Judge Marion F. Harrison, declined to dismiss an appeal where appellants filed their brief one day late and flouted the Bankruptcy Rules' formatting conventions. "While the Panel has authority to dismiss an appeal for failure to comply with briefing requirements, the Sixth Circuit favors adjudication on the merits and has cautioned that dismissal 'is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.' " *Id.* ("The Trustee has not asserted that the debtors acted in bad faith, nor has he articulated any prejudice resulting from the debtors' late brief or from its formatting.")

Here, Appellants' late-filed notice occurred after a death in undersigned counsel's family necessitated counsel's attention for the two weeks in February immediately following the Bankruptcy Court's entry of two orders that were completely unexpected in light of the Bankruptcy Court's comments at a hearing immediately preceding the orders. Appellee has not articulated any prejudice arising from the one-day delay, nor does she assert that Appellant acted in bad faith in filing the Notice of Appeal one day late. While this Court has previously considered a related appeal and may be reluctant to entertain another appeal in this case, here the Bankruptcy Court issued two unexpected orders hurriedly and without receiving new evidence demonstrating that the value of the claim underlying the Trustee's $250,000 settlement had become zero thanks to the dismissal of the underlying lawsuit. The Court should exercise its discretion to consider the appeal.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court deny Appellee's Motion to Dismiss.

Date:   May 31, 2024                                  Respectfully submitted,

                                                      */s/ John Spragens*
                                                      John Spragens (TN Bar No. 31445)
                                                      Spragens Law PLC
                                                      311 22nd Ave. N.
                                                      Nashville, TN 37203
                                                      T: (615) 983-8900
                                                      F: (615) 682-8533
                                                      john@spragenslaw.com

                                                      *Attorney for Appellant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Response in Opposition to Motion to Dismiss was filed May 31, 2024, and served electronically upon the following parties using the Court's electronic filing system:

Craig V. Gabbert , Jr.
Glenn B. Rose
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
615-742-6277
Fax: 615-742-0465
Email: cgabbert@bassberry.com
Email: grose@bassberry.com

*Attorneys for Afsoon Hagh*

Jay Robert Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street
Suite 410
Nashville, TN 37219
(615) 256-8300
Fax: (615) 255-4516
Email: jlefkovitz@lefkovitz.com

*Attorneys for Cummings Manookian*

Phillip G. Young , Jr.
Thompson Burton PLLC
1801 West End Avenue
Suite 1550
Nashville, TN 37203
(615) 465-6008
Fax: (615) 807-3048
Email: phillip@thompsonburton.com

*Attorney for Appellee Jeanne Burton*

John P. Konvalinka
Grant, Konvalinka & Harrison, P.C.

900 Republic Center
633 Chestnut Street
Chattanooga, TN 37450-0900
(423) 756-8400
Fax: (423) 756-6518
Email: jkonvalinka@gkhpc.com

*Attorney for Creditor Grant, Konvalinka & Harrison, P.C.*

Daniel H. Puryear
Puryear Law Group
104 Woodmont Boulevard
Suite 201
Nashville, TN 37205
(615) 630-6601
Email: dpuryear@puryearlawgroup.com

*Attorney for Creditor D.F. Chase, Inc.*

                                                */s/ John Spragens*