IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: CUMMINGS MANOOKIAN, PLLC, )<br>)<br>  Debtor )<br>)<br>BRIAN MANOOKIAN, )<br>)<br>  Appellant )<br>)<br>v. )<br>)<br>JEANNE ANN BURTON, TRUSTEE, )<br>)<br>  Appellee. ) | Case No: 3:24-cv-00209<br>Judge Trauger |

**TRUSTEE'S REPLY TO APPELLANT'S RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION TO DISMISS UNTIMELY APPEAL**

Comes now Jeanne Ann Burton, Trustee and Appellee in this matter (the "Trustee"), and hereby files this reply brief (the "Reply") to Appellant's Response in Opposition to Appellee Jeanne Ann Burton's Motion to Dismiss Appeal and Response in Support of Motion to Stay Briefing Schedule (the "Response") (Doc. 9 and 13).

In the Response, the Appellant argues that his untimely appeal of the Bankruptcy Court's orders finding that Brian Manookian lacks standing in the underlying bankruptcy case (Bankr. Doc. 205) and approving a settlement (Bankr. Doc. 206) does not deprive this Court of jurisdiction to consider this appeal.[1] In support of his position, the Appellant cites *Tennial v. REI Nation, LLC*

---

[1] Note that the Appellant does not contend that its appeal was timely, nor does he contend that he followed the procedures outlines in Bankruptcy Rule 8002(d) for extending the time to file an appeal. In fact, Appellant acknowledges that his appeal was a "late-filed notice". *See* Response, p. 3.

*(In re Tennial)*, 978 F.3d 1022 (6th Cir. 2020). The Appellant's argument tries to create a distinction without a difference. His reliance upon *Tennial* is misplaced, as *Tennial* mandates dismissal of this appeal.

In *Tennial*, the bankruptcy court entered an order terminating the automatic stay. The debtor appealed that order after the expiration of the fourteen-day appeal period. The district court dismissed the debtor's appeal, finding that it lacked jurisdiction to consider a late-filed notice of appeal. The debtor appealed that dismissal to the Sixth Circuit Court of Appeals which noted that, "[w]e have treated this deadline as jurisdictional before", and that "[a]ll of the intermediate appellate authority on the issue" supported the district court's conclusion that a court lacked jurisdiction to review a late-filed appeal. *Id.* at 1025, 1026 (citations omitted). However, the court went on to note that, in more recent years, "the Supreme Court has been rigorous and vigorous in distinguishing between requirements that go to the subject matter jurisdiction of the federal courts and requirements that are merely mandatory." *Id.* at 1025. In distinguishing between cases that require dismissal due to lack of jurisdiction and cases that require dismissal simply because the applicable rules require dismissal, the *Tennial* court established this principle: "Rule-based deadlines are jurisdictional when they implement an appeal deadline created by Congress. Otherwise, they are not. Thus: A bankruptcy appellate deadline is not jurisdictional when Congress did not create it." *Id.* at 1026.

So what is the impact of *Tennial* on the Trustee's Motion to Dismiss the appeal now before this Court? Nothing. Despite breaking with prior Sixth Circuit jurisprudence and other circuits which found that a late-filed appeal deprived a court of subject matter jurisdiction, the *Tennial* court nonetheless dismissed the debtor's late-filed appeal:

> All in all, Bankruptcy Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal does not create a jurisdictional imperative. Even so, the deadline remains

mandatory. \* \* \* Because the appeal deadline is mandatory, because Tennial missed it, and because REI raised the issue in its motion to dismiss, the appeal <u>must be dismissed</u> as dilatory.

*Id.* at 1028 (emphasis added).

Applying *Tennial* to this matter, as the Appellant urges, mandates that this Court dismiss the instant appeal. Indeed, courts subsequently applying *Tennial* to late-filed appeals have uniformly held that dismissal of a late-filed appeal is *mandatory*. *See, e.g., Holley v. Corcoran (In re Holley),* 2021 U.S. App. LEXIS 13415, *2 (6th Cir. 2021) ("Still, even if the failure to timely appeal does not deprive this court of jurisdiction, it is still an adequate basis to dismiss the case." (*citing Tennial*)); *In re Smith,* 2021 Bankr. LEXIS 1395, *2 (6th Cir. BAP 2021) ("'Because the appeal deadline is mandatory,' the Smiths missed it, and the Bank raised the issue in its brief, 'the appeal must be dismissed as dilatory.'" (*quoting Tennial*)); *Gray v. Gocha (In re Robinson)*, 2023 U.S. Dist. LEXIS 124397, *3 (W.D. Mich. 2023) ("While the deadline for filing a notice of appeal is not jurisdictional, the deadline is mandatory." (*citing Tennial*)); *In re Kinney*, 2022 U.S. Dist. LEXIS 45795, *6 (E.D. Tenn. 2022) ("While this 14-day deadline is not jurisdictional, it is nonetheless 'mandatory' and thus a court must enforce the deadline when an appellee raises it." (*citing Tennial*)); *Richard v. Greenstone Farm Credit Servs., ACA (In re Richard)*, 2021 U.S. Dist. LEXIS 114900 (E.D. Mich. 2021) (relying upon *Tennial* in dismissing an appeal from a bankruptcy court decision that was filed 15 days after entry of the order).

Bankruptcy Rule 8002 requires that an appeal be filed within fourteen days of the entry of the order. The Appellant admittedly filed the appeal in this case fifteen days after entry of the order. Moreover, the Appellant took no action pursuant to Bankruptcy Rule 8002(d) to extend the time within which he could appeal. As such, the dismissal of this action is mandatory.

DATED: June 6, 2024

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 6th day of June, 2024, including the following parties:

John Tate Spragens
john@spragenslaw.com
Counsel to Appellant Brian Manookian

Jay Robert Lefkovitz
jlefkovitz@lefkovitz.com
Counsel to Debtor

Craig V. Gabbert, Jr.
cgabbert@bassberry.com
Counsel to Afsoon Hagh

Glenn B. Rose
grose@bassberry.com
Counsel to Afsoon Hagh

John P. Konvalinka
jkonvalinka@gkhpc.com
Counsel to Grant, Konvalinka & Harrison, P.C.

Daniel H. Puryear
dpuryear@puryearlawgroup.com
Counsel to D.F. Chase, Inc.

/s/ Phillip G. Young, Jr.